UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Keith Deleo**,<br><br>Plaintiff,<br><br>v.<br><br>**IDT Energy, Inc., and John Does 1-10,**<br><br>Defendants. | **Case No.** |

## NOTICE OF REMOVAL

Defendant IDT Energy, Inc. ("IDT" or "Defendant") hereby removes this action from the Superior Court of New Jersey, Essex County, Law Division, Special Civil Part (the "Essex County Superior Court"), to the United States District Court for the District of New Jersey. As explained below, removal is appropriate under 28 U.S.C. §§ 1331, 1441, 1446, and 1453, based on the following grounds:

## STATEMENT OF JURISDICTION

1. Removal of this action is proper because Plaintiff Keith Deleo's Complaint asserts federal causes of action over which this Court has original jurisdiction. Namely, Plaintiff asserts claims against Defendant under the Federal Do-Not-Call Implementation Act, 15 U.S. Code § 6101 and Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), which are both federal statutes. As set forth below, removal is therefore proper under 28 U.S.C. §§ 1331, 1441.

## **PLEADINGS, PROCESS, AND ORDERS**

2. On June 21, 2024, Plaintiff filed a putative Class Action Complaint in the Essex County Superior Court for alleged violations of the Federal Do-Not-Call Implementation Act, the TCPA, the New Jersey Telemarketing Statute, N.J.A.C. 13:45D-3.1, *et seq*, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, *et. seq.*, and for rescission and reformation. The action is titled *Keith Deleo v. IDT Energy, Inc., John Does 1-10*, Docket No.: ESX-DC-014547-24 (the "State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A.

3. Plaintiff sent the Complaint and Summons to Defendant by registered mail, and it arrived sometime on or after June 29, 2024, since it was not even sent out for delivery on that date. *See* Exhibit B. Defendant reserves all rights to contest service and jurisdiction.

4. In the Complaint, Plaintiff seeks to recover (1) compensatory damages; (2) punitive damages; (3) interest; (4) attorneys' fees and costs; and (5) equitable relief. Ex. A, p. 7. Defendant denies all of Plaintiff's alleged claims, denies any wrongdoing, and denies that Plaintiff is entitled to any relief.

5. Although the Complaint has no class definition, Plaintiff appears to seek to represent a class of similarly situated individuals. *See* Ex. A, p. 2 ("The calls

were parts of a marketing plan or scheme under which Plaintiff and members of the proposed class received such calls despite their registration on the Do Not Call list.").

## PROCEDURAL PREREQUISITES

6.     Consistent with Local Civil Rule 5.2(2), electronic copies of all documents previously filed in the state court action are attached hereto as Exhibit C.

7.     Pursuant to 28 U.S.C. § 1446(d), a removal notice, together with a copy of this Notice of Removal, will be filed with the clerk of the Essex County Superior Court and will be served on Plaintiff.

8.     Consistent with Local Civil Rule 5.1(e), this Notice of Removal is accompanied by a completed Civil Cover Sheet.

9.     Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in Essex County, which is located in this district and division.

## GROUNDS FOR REMOVAL

10.    The Court has original jurisdiction in this case under 28 U.S.C. §§ 1331 and thus removal is appropriate under 28 U.S.C. §§ 1441, 1446, and 1453.

11.    Removal is appropriate here as the Complaint asserts a federal cause of action.  Namely, Plaintiff alleges that Defendant violated the TCPA, a federal statute. Accordingly, the Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's New Jersey state law claims

under 28 U.S.C. § 1367.  Removal to this Court is therefore appropriate under 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

12. The Notice of Removal is timely.  28 U.S.C. § 1446(b) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant."  Accordingly, the Notice of Removal is timely because it was not filed more than thirty (30) days after the receipt of the complaint, which occurred on June 29 at the absolute earliest.  28 U.S.C. § 1446(b).

## NOTICE TO PLAINTIFF

13. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of New Jersey, written notice of such filing will be served on Plaintiff's counsel of record.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331, and removal of the action to this Court is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.  Accordingly, Defendant respectfully removes this action to this Court.

Respectfully submitted,

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

By: *s/ Michael D. Celentano*
    Michael D. Celentano, Esq. (022432012)
    1300 Mt. Kemble Avenue
    P.O. Box 2075
    Morristown, New Jersey 07962-2075
    Tel: (973) 993-8100
    Fax: (973) 425-0161
    mcelentano@mdmc-law.com
    *Attorneys for Defendant, IDT Energy, Inc.*

Dated: July 29, 2024

**OF COUNSEL**

**WATSTEIN TEREPKA LLP**
Ryan D. Watstein, Esq. (*pro hac vice* application forthcoming)
ryan@wtlaw.com
Leo O'Toole, Esq. (*pro hac vice* application forthcoming)
lotoole@wtlaw.com
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone: (404) 782-0695
*Attorneys for Defendant, IDT Energy, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

By: *s/ Michael D. Celentano*
Michael D. Celentano, Esq. (022432012)
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
Tel: (973) 993-8100
Fax: (973) 425-0161
mcelentano@mdmc-law.com
*Attorneys for Defendant, IDT Energy, Inc.*

Dated: July 29, 2024